**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | | |
|---|---|---|
| **DEBORAH K. JOHNSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 6:13-CV-3** |
| | ) | |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Deborah K. Johnson ("Johnson") filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled and therefore not eligible for supplemental security income ("SSI"), and disability insurance benefits ("DIB") under the Social Security Act ("Act"). 42 U.S.C. §§ 401–433, 1381–1383f. Specifically, Johnson contends that the ALJ's decision finding her capable of performing a limited range of light work is erroneous because in three prior disability claims she had been found capable of performing only sedentary work.

This court has jurisdiction pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). This case is before me by referral pursuant to 28 U.S.C. § 636(b)(1)(B). The parties have fully briefed and argued all issues, and the case is ripe for decision. I have carefully reviewed the administrative record, the legal memoranda, the arguments of counsel, and the applicable law. I conclude that the ALJ's decision is supported by substantial evidence. Accordingly, I **RECOMMEND DENYING** Johnson's Motion for Summary Judgment (Dkt. No. 10), and **GRANTING** the Commissioner's Motion for Summary Judgment (Dkt. No. 12).

1

Section 405(g) of Title 42 of the United States Code authorizes judicial review of the Commissioner's denial of social security benefits. <u>Mastro v. Apfel</u>, 270 F.3d 171, 176 (4th Cir. 2001). This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Johnson failed to demonstrate that she was disabled under the Act. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." <u>Craig v. Chater</u>, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990).

Johnson bears the burden of proving that she is disabled within the meaning of the Act. <u>English v. Shalala</u>, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, a claimant must show that her impairments prevent engaging in any and all forms of substantial gainful employment given her age, education, and work experience. <u>See</u> 42 U.S.C. § 423(d)(2).

The Commissioner uses a five-step process to evaluate a disability claim. <u>Walls v. Barnhart</u>, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the

claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[1] (4) can return to her past relevant work; and if not, (5) whether she can perform other work.  Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process.  20 C.F.R. § 404.1520(a)(4).  The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability.  The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies.  42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## STATEMENT OF FACTS

### Social and Vocational History

Johnson was born on December 31, 1958 (Administrative Record, hereinafter "R." at 54, 221), and was a "person closely approaching advanced age" on her alleged onset date.  R. 221; 20 C.F.R. §§ 404.1563(d), 416.963(d).  Johnson's date last insured is December 31, 2012.  R. 26. She must show that her disability began before that date and existed for twelve continuous months to receive DIB.  42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B), (d)(1)(A); 20 C.F.R. §§ 404.101(a), 404.131(a).  Johnson obtained a GED in 2002. R. 55, 257.  She last worked from 2003 to 2008 as a fuel desk cashier at Trent Truck Stop two to three days a week (sedentary, unskilled work). R. 56, 90.  Johnson reported that during the relevant period, she had the

---

[1] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of  her age, education, or work experience."  20 C.F.R. § 404.1525(a).

3

capacity to cook, do laundry, vacuum, go outside daily to sit on her porch, shop for food, clothes or medicine once or twice a week, pay bills, read, and go to the doctor. R. 264-71.

## Claim History

Johnson previously filed for and was denied disability benefits in 1997, 1999, and 2002. R. 23. In 2001 and 2002, Administrative Law Judge ("ALJ") Charles R. Boyer entered decisions denying Johnson's claims, finding that Johnson had a back disorder that was a severe impairment, but that she retained the functional capacity to perform the full range of sedentary work. R. 110-117, 390-392.

Johnson again filed for SSI and DIB on January 5, 2010, claiming that her disability began on June 1, 2008, due to diabetes, high blood pressure, and arthritis in her back. R. 221-223, 256. The Commissioner denied the application at the initial and reconsideration levels of administrative review. R. 107, 161. On October 14, 2011, ALJ Mark O'Hara held a hearing to consider Johnson's disability claim. R. 47. Johnson was represented by an attorney at the hearing, which included testimony from Johnson and vocational expert Gerald Wells, Ph.D. R. 47-106. During the hearing, Johnson amended her alleged onset date to December 31, 2008. R. 52.

On December 8, 2011, ALJ O'Hara entered his decision denying Johnson's claims. R. 23-40. The ALJ found that Johnson suffered from the severe impairments of a back disorder and obesity. R. 26. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. R. 28. The ALJ further found that Johnson retained the RFC to perform a range of light work, and could occasionally climb stairs or ramps, balance, stoop, kneel, crouch and crawl. He found that Johnson could not climb ladders, ropes and scaffolds; and must avoid extreme cold and workplace hazards. R. 29. ALJ O'Hara

determined that Johnson could return to her past relevant work as a truck stop cashier, and thus, that she was not disabled. R. 37-40.

Johnson appealed ALJ O'Hara's decision, and submitted records from UVA Hospital, dated August 23, 2012 to the Appeals Council. The Appeals Council found that those records did not relate to the relevant time period, and declined to make them a part of the record. On December 20, 2012, the Appeals Council denied Johnson's request for review (R. 1-7), and this appeal followed.

## ANALYSIS

Johnson argues that ALJ O'Hara violated Social Security Acquiescence Ruling ("AR") 00-1(4) by "rejecting" ALJ Boyer's prior findings that she was capable of sedentary work. The SSA issues Acquiescence Rulings to interpret decisions by a United States Circuit Court of Appeals concerning the Social Security Act. See, e.g., Melvin v. Astrue, 602 F. Supp. 2d 694, 699 -701 (E.D.N.C. 2009) (citing Albright v. Comm'r of Social Sec. Admin., 174 F.3d 473, 474 (4th Cir. 1999)). Here, the Commissioner issued AR 00-1(4) to address the Fourth Circuit decisions in Lively v. Secretary of Health and Human Services, 820 F.2d 1391 (4th Cir. 1987) and Albright v. Commissioner of Social Security Administration, 174 F.3d 473, 474 (4th Cir. 1999) and to provide guidance on the extent that prior decisions regarding a claimant's residual functional capacity apply to subsequent disability claims. See AR 00-1(4), 2000 WL 43774 (January 12, 2000); AR 94–2(4), 1994 WL 321954 (July 7, 1994), rescinded by 65 Fed. Reg. 1936-01.

In Lively, an ALJ found that the claimant had the capacity to do light work and thus was not disabled. 820 F.2d at 1391–92. At that time, the SSA's regulations provided that anyone over the age of fifty five who was limited to light work was disabled. See id. at 1391. Two weeks after

the ALJ's decision in <u>Lively</u>, the claimant turned fifty-five. <u>Id.</u> at 1392. He then re-filed for benefits, noting that anyone age fifty-five or older who could was limited to light work was entitled to benefits. <u>See id.</u> The ALJ reviewing the new disability claim found that Lively had the capacity to perform any kind of work, not just light work, and thus found Lively not disabled. <u>Id.</u> The Fourth Circuit reversed, stating "[i]t is utterly inconceivable that [claimant's] condition had so improved in two weeks as to enable him to perform medium work." <u>Id.</u> The Fourth Circuit remanded the case, referencing *res judicata* and stating that the SSA bore the burden of providing evidence sufficient to sustain a finding that claimant had embarked on such a "miraculous improvement." <u>Id.</u>

The SSA issued AR 94-2(4) interpreting the <u>Lively</u> decision to require that "an adjudicator must adopt a finding ... made in a final decision by an [ALJ] or the Appeals Council on a prior disability claim." <u>See</u> AR 94–2(4), 1994 WL 321954 (July 7, 1994) <u>rescinded</u> by 65 Fed. Reg. 1936-01. The Social Security Administration interpreted the reference to *res judicata* in <u>Lively</u> to mean that any prior finding from an ALJ generally has *res judicata* effect. <u>See id.</u> at *2 ("The United States Court of Appeals for the Fourth Circuit concluded that where a final decision of the Secretary ... contained a finding ..., the Secretary may not make a different finding ... unless there is new and material evidence relating to [the original finding].").

In <u>Albright v. Commissioner of Social Security Administration</u>, the Fourth Circuit rejected AR 94–2(4) as an incorrect reading of <u>Lively</u>. <u>See</u> <u>Albright</u>, 174 F. 3d at 477–78. The claimant in <u>Albright</u> was denied benefits and filed a subsequent application. <u>Id.</u> at 474. The new ALJ did not evaluate whether claimant's condition had worsened since he previously filed for benefits, but rather denied claimant's application on *res judicata* grounds, citing AR 94–2(4). <u>See id.</u> Claimant sought judicial review of the denial, and the United States District Court for the

Middle District of North Carolina granted summary judgment for the claimant and remanded the claim. See id. at 473–74. The Commissioner appealed, and the Fourth Circuit affirmed. See id. at 474. The Fourth Circuit held that it was "imprudent to pronounce, as a matter of law, that [a claimant's] ability to perform in the workplace could not have diminished between [when the initial claim was decided] and [when the new claim was filed]." Id. at 477. The Fourth Circuit also clarified Lively to mean that "the finding of a qualified and disinterested tribunal ... was such an important and probative fact as to render the subsequent finding to the contrary unsupported by substantial evidence." Id. at 477–78. The Fourth Circuit explained that "the result in Lively is ... best understood as a practical illustration of the substantial evidence rule." Id. at 477.

The SSA issued AR 00–1(4) interpreting both Lively and Albright stating that an adjudicator "must *consider* a finding ... made in a final decision by an [ALJ] or the Appeals Council on [a] prior ... claim." AR 00–1(4), at *1 (emphasis added). Specifically, an adjudicator "must consider such finding as evidence and give it appropriate weight in light of all the relevant facts and circumstances when adjudicating a subsequent disability claim." Id. at *4. AR 00–1(4) describes certain factors that the adjudicator should consider, such as:

> (1) whether the fact on which the prior finding was based is subject to change with the passage of time; (2) the likelihood of such a change, considering the length of time that has elapsed ...; and (3) the extent that evidence not considered in the [previous] final decision ... provides a basis for making a different finding.

Id.

In sum, Lively, Albright and AR 00-1(4) hold that an ALJ must consider a prior ALJ's findings and give them appropriate weight under all the relevant facts and circumstances. In this case, ALJ O'Hara considered and discussed ALJ Boyer's prior rulings and findings as required by AR 00-1(4), but gave them little weight when making his decision. Having reviewed the

record as a whole, I find that substantial evidence supports ALJ O'Hara's decision to give little weight to ALJ Boyer's decision issued nine years earlier, and thus recommend that the Commissioner's decision denying benefits be affirmed.

In formulating Johnson's RFC, ALJ O'Hara considered the prior 2001 and 2002 decisions of ALJ Boyer, which found Johnson capable of sedentary work. R. 36. ALJ O'Hara disagreed with ALJ Boyer's conclusions, and ultimately determined that Johnson is capable of performing a range of light work. In discussing ALJ Boyer's decisions, ALJ O'Hara noted that a significant amount of time has passed since those decisions; that Johnson performed light work for an eight hour workday after the prior decisions; and that he agreed with state agency physicians who found Johnson capable of light work. R. 36.

In this case, more than nine years passed between ALJ Boyer's decisions and the decision of ALJ O'Hara. Such a lengthy passage of time increases the likelihood that the prior decision is entitled to less weight. See Albright, 174 F. 3d at 477 ("Although we might state with some assurance that a claimant's condition very likely remains unchanged with a discrete two-week period, we would grow ever less confident as the timeframe expands. Where, as here, the relevant period exceeds three years, our swagger becomes barely discernible."); Harris v. Astrue, Civ. Action No. 2:12-cv-45, 2013 WL 1187151, at *8 (N.D. W. Va. March 21, 2013)(The prior ruling was not entitled to great weight where more than three years passed between the two decisions.) During that time period, Johnson amassed new medical records, medical provider opinions, daily activities and other new evidence that ALJ O'Hara was required to consider when deciding Johnson's claim. See Farrar v. Astrue, Civ. No. 3:11-cv-457, 2012 WL 3113159, *9-*10 (E.D. Va. July 13, 2012) (Error for ALJ to ignore additional material evidence generated after prior decision and give great weight to prior ALJ decision.)

In arriving at an RFC of light work, ALJ O'Hara considered Johnson's treatment records, and noted that she received minimal treatment that was generally routine, conservative and unremarkable. During the time period at issue, Johnson was treated primarily by her primary care physician, Dr. Ham, for back pain. He offered non-narcotic pain medications, and recommended weight loss, physical therapy, walking, heat and gentle stretching. R. 325, 337, 345, 348, 351, 354, 355, 356, 357, 409, 414. He did not recommend surgical intervention. Johnson did not attend physical therapy, and declined epidural steroid injections. R. 353.

An MRI taken in December 2007 showed that Johnson had Grade I spondylolisthesis and mild multi-level degenerative changes, but no disc herniations. R. 332, 334. Orthopedic specialist Francis Shen, M.D., reviewed the MRI and found that surgical intervention was not warranted. R. 331-32. Dr. Shen stated that it was "unlikely that we would state that [Johnson] could not do some degree of work." R. 353.

On May 18, 2010, Nadia Meyer, M.D., performed a consultative exam and found that Johnson was capable of light work, aside from being limited to standing for less than six hours in an eight hour day. R. 361-65. Dr. Meyer diagnosed Johnson with polyarthritis, hypertension and diabetes mellitus, and noted multiple times that Johnson gave very poor effort during her exam. R. 365. Dr. Meyer found that Johnson complained of difficulty walking, standing and performing chores, and seemed to have some arthritic changes in her hands and possibly in her back, which indicated limited range of motion. Dr. Meyer stated that Johnson's functional capacities were difficult to assess due to poor effort. However, Dr. Meyer found that Johnson was capable of standing/walking less than six hours in an eight hour day; sitting for six hours in an eight hour day; and lifting and carrying twenty pounds occasionally. Dr. Meyer found that

Johnson had some postural limitations, but no limitations on reaching, handling, feeling, grasping or fingering. R. 365.

On June 30, 2010, state agency physician Joyce Goldsmith, M.D., reviewed Johnson's records and found that Johnson was capable of performing a range of light work. R. 377-81. Specifically, Dr. Goldsmith found that Johnson could lift and/or carry twenty pounds occasionally, ten pounds frequently; stand and walk two hours in an eight hour workday; sit for six hours in an eight hour workday; occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch and crawl. R. 378-81. On November 3, 2010, state agency physician Bert Spetzler, M.D., reviewed the RFC set forth by Dr. Goldsmith, and agreed with her determination that Johnson is capable of light work. R. 130-32

Based on the evidence set forth above, ALJ O'Hara adopted the opinions of Drs. Goldsmith and Spetzler that Johnson is capable of performing light work. ALJ O'Hara also gave significant weight to Dr. Meyer's assessment, aside from her finding that Johnson could only stand/walk for less than six hours in an eight hour day. As ALJ O'Hara noted, Dr. Meyer's objective findings contained no basis for this limitation. Rather, it appeared to be based solely upon Johnson's reported symptoms and limitations, as Dr. Meyer stated immediately after this restriction, "as the claimant notes that this is a particular problem for her." R. 365.

ALJ O'Hara also noted that during the time period at issue, Johnson worked a part-time job for eight hours a day, at a light exertional level. Johnson ended her part-time light duty work in 2008 due to a conflict with her employer, not because she was physically unable to perform the work.

The record contains substantial evidence supporting ALJ O'Hara's decision to give little weight to ALJ Boyer's prior decisions, and conclude that Johnson is capable of performing a

range of light work. Johnson asserts that ALJ O'Hara "has attempted to relitigate and effectively reverse two prior ALJ decisions." Pl's Br., p. 7. Johnson fails to recognize that ALJ O'Hara is adjudicating a new time period for disability benefits that is separate and distinct from the prior time periods at issue before ALJ Boyer. ALJ O'Hara is not bound by ALJ Boyer's prior findings. Rather, they are one factor to be considered and given weight by ALJ O'Hara, along with the other evidence in the record. Thus, Johnson's appeal essentially asks the court to re-analyze the facts and re-weigh the evidence; disregarding the substantial evidence standard of review that this court must apply to the ALJ's decision. The issue before this court is not whether it is plausible that a different fact finder could have drawn a different conclusion or even if the weight of the evidence supports a finding of disability. The standard is whether the ALJ's decision is supported by substantial evidence. So long as this standard—defined as more than a mere scintilla but perhaps somewhat less than a preponderance—is met, I cannot recommend reversing ALJ O'Hara. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted).

## CONCLUSION

There is substantial evidence in this case to support ALJ O'Hara's decision to give little weight to ALJ Boyer's decision issued nine years earlier. Accordingly, the Court must recommend that the Commissioner's decision be affirmed, the defendant's motion for summary judgment be **GRANTED**, and Johnson's motion for summary judgment be **DENIED**.

The Clerk is directed to transmit the record in this case to Norman K. Moon, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected

to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter:  January 15, 2014

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge